UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RAYMOND ROHRIG and :
FRANCES ROHRIG :
　　　　　　　　　　　　　　　　　:
　　v. : C.A. No. 10-383M
　　　　　　　　　　　　　　　　　:
TRAVELERS INDEMNITY :
COMPANY OF AMERICA :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant Travelers Indemnity Company of America's ("Travelers") Motion for Summary Judgment. (Document No. 28). Plaintiffs Raymond and Frances Rohrig object. (Document No. 35). For the following reasons, I recommend that Travelers' Motion for Summary Judgment be GRANTED.

**Facts**

In their Objection, the Rohrigs agree that "there is no dispute as to the material facts" (Document No. 35 at p. 2) and thus this case may be resolved by Motion under Fed. R. Civ. P. 56(a). In addition, the Rohrigs did not file a Statement of Disputed Facts under Local Rule Cv 56(a)(3) and thus the facts outlined in Travelers' Statement of Undisputed Facts (Document No. 27) are deemed admitted. See Fed. R. Civ. P. 56(e)(2); Local Rule Cv 56(a)(3). Those facts are set forth below:

On September 26, 2007, while Mr. Rohrig was operating a Harley Davidson motorcycle with Mrs. Rohrig riding as a passenger, they were involved in an accident with an SUV on Danielson Pike in Foster, Rhode Island. The accident was caused by another driver, Kimberly McHale, who,

while attempting to make a left turn, crossed the Rohrigs' path of travel. The Rohrigs' motorcycle collided with Ms. McHale's SUV and the Rohrigs were injured.

Ms. McHale was insured with Farm Family Insurance Company with liability policy limits of $100,000.00 per person. Both Mr. and Mrs. Rohrig settled their claims with Farm Family for $100,000.00 each. Both Mr. and Mrs. Rohrig claim that their injuries and damages exceed the Farm Family per person policy limit of $100,000.00.

The motorcycle that the Rohrigs were riding at the time of the accident was purchased by their daughter, Jennifer Rohrig, as a present to Mr. Rohrig. The title to the motorcycle was issued to Mr. Rohrig and his daughter, Jennifer Rohrig. The motorcycle has always been registered to Jennifer Rohrig. The Rohrigs and their daughter, Jennifer, are named insureds on a commercial automobile insurance policy issued by Travelers which is the subject of this litigation (Policy No. BA-5463A887-07-SEL, with an effective policy period of April 7, 2007 through April 7, 2008). At all relevant times, the Rohrigs and their daughter Jennifer have resided together at 109 William Henry Road, North Scituate, Rhode Island. The motorcycle that Plaintiffs were riding, i.e., "occupying," at the time of the subject collision was not listed as a "covered auto" under the insurance policy issued by Travelers and under which the Rohrigs make their claims for underinsured motorist benefits in this case. The motorcycle was insured under a separate policy issued by GEICO Insurance with policy limits for underinsured motorist coverage of $25,000.00 per person and $50,000.00 per accident. Both Mr. and Mrs. Rohrig made claims to GEICO and were paid the "per person" policy limits under the GEICO policy's underinsured motorist coverage.

The Rohrigs' insurance policy with Travelers includes a standard "owned but not insured" exclusion for uninsured/underinsured motorist coverage. Section C of the uninsured motorist coverage of the Policy, entitled "Exclusions," expressly provides that:

> This insurance does not apply to any of the following:...
>
> 4. "Bodily injury" sustained by an individual Named Insured or any "family member" while "occupying" or struck by any vehicle owned by such Named Insured or any "family member" that is not a covered "auto."

The Policy lists the following individuals as "Named Insureds": Raymond A. Rohrig, Frances L. Rohrig, Jennifer Rohrig and Adam Rohrig. Section F of the uninsured motorist coverage provides "Additional definitions," and, in Subsection 1, defines a "family member" as "...a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child." Subsection 2 of the "Additional definitions" defines "occupying" as "...in, upon, getting in, on, out or off."

**Discussion**

Travelers contends that the "owned but not insured" exclusion is directly applicable to these undisputed facts and that such exclusions in automobile insurance policies have been uniformly upheld in Rhode Island as valid and enforceable. The Rohrigs counter that "the 'owned but not insured' exclusion is void for public policy on the ground that it does not comport with the named insureds' 'reasonable expectation of coverage.'" (Document No. 35 at p. 2).

This case was brought in federal court on the basis of diversity jurisdiction (28 U.S.C. § 1332) and thus this dispute is governed by state substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). The parties agree that the Rohrigs' claims are governed by Rhode Island law. Under Rhode Island law, insurance policies are interpreted "according to the same rules of

construction governing contracts." Town of Cumberland v. R.I. Interlocal Risk Mgt. Tr., Inc., 860 A.2d 1210, 1215 (R.I. 2004). The Courts "look at the four corners of a policy, viewing it in its entirety, affording its terms their plain, ordinary and usual meaning." Id. (citation omitted). If a policy's terms are ambiguous, it must be "strictly construed in favor of the insured." Id. If a policy's terms are unambiguous, it will be construed and applied as written. Malo v. Aetna Cas. and Sur. Co., 459 A.2d 954, 956 (R.I. 1983). An ambiguity exists when the policy is "reasonably and clearly susceptible to more than one interpretation." W.P. Assocs. v. Forcier, Inc., 637 A.2d 353, 356 (R.I. 1994). However, "the test is not whether there exist alternate meanings but whether there exist reasonable alternate meanings." RGP Dental, Inc. v. Charter Oak Fire Ins. Co., No. 04-445, 2005 WL 3003063 at *4 (D.R.I. Nov. 8, 2005) (emphasis in original).

This case centers on a single policy exclusion relied upon by Travelers to deny the Rohrigs' claims for underinsured benefits – the so-called "owned but not insured" exclusion. The policy in question excludes underinsured coverage for "'Bodily injury' sustained by an individual Named Insured...while 'occupying'...any vehicle owned by such Named Insured or any 'family member' that is not a covered 'auto.'" (Document No. 27-6 at p. 32). This exclusion, by its plain and unambiguous terms, precludes underinsured coverage when an insured is injured in or on a vehicle that he or she (or a family member) owns but that is not insured under the policy. It is undisputed that the Rohrigs and their daughter Jennifer are Named Insureds under the Travelers' Policy in issue and that they are "family members" residing in the same household at the time of the accident. It is also undisputed that the Rohrigs were injured while "occupying" a motorcycle which was not one

-4-

of the vehicles covered by the Travelers' Policy.[1] Finally, it is undisputed that the motorcycle was owned by Mr. Rohrig and/or his daughter Jennifer, registered to Jennifer and insured under a separate GEICO policy with lower limits of underinsured motorist coverage than the Travelers policy. Thus, the exclusion is directly applicable to these undisputed facts and Travelers did not breach its contractual obligations under the policy by denying coverage.

Under Rhode Island law, "owned but not insured" exclusions are valid and enforceable. See, e.g., Carlton v. Worcester Ins. Co., 744 F. Supp. 395, 400 (D.R.I. 1990) ("As the law presently stands, public policy allows insurance companies to exclude coverage when the vehicle occupied by the insured at the time of the accident is not a vehicle insured by the policy."). "[U]ninsured motorist coverage is vehicle specific" and "follows the vehicle not the insured." Wagenmaker v. Amica Mut. Ins. Co., 601 F. Supp. 2d 411, 419 (D.R.I. 2009). "Thus, if an insured chooses not to insure his vehicle he does so at his peril and unfortunately to the peril of his passengers." Id.

In Employers' Fire Ins. Co. v. Baker, 383 A.2d 1005 (R.I. 1978), the insurer denied coverage under the typical "owned but not insured" exclusion for injuries received by the insured while she was operating a motorcycle owned by her but not insured under the relevant policy. The Rhode Island Supreme Court, adopting the minority rule, upheld the denial of coverage and concluded that the "owned but not insured" exclusion did not violate the public policy expressed in R.I. Gen. Laws § 27-7-2.1 (the uninsured motorist statute). Id. at 740-741. It reasoned that "the uninsured motorist legislation was never intended to force insurance companies to provide uninsured motorist coverage to all vehicles owned by the insured as long as one vehicle was properly covered by the initial

---

[1] The Travelers Policy covered a 1998 Jeep, a 1998 Toyota RAV4, a 2003 Ford Mustang and a 2005 Cargopro Trailer. The Rohrigs consciously chose not to insure the motorcycle under the Travelers Policy because the coverage was too expensive. (Document Nos. 28-3 at pp. 9-10 and 28-4 at p. 4). Instead, the motorcycle was insured under a less expensive GEICO policy. Id.

policy." Id. In other words, since the coverage follows the vehicle not the insured, the Court refused to extend uninsured motorist coverage to the uninsured motorcycle simply because the operator was a named insured in a policy covering other motor vehicles. Id. at 741.

The Rhode Island Supreme Court has not subsequently strayed from this legal conclusion. In Dellagrotta v. Liberty Mut. Ins. Co., 639 A.2d 980 (R.I. 1994) (per curiam), the Court confirmed "that § 27-7-2.1 does not mandate the extension of uninsured motorist coverage to vehicles owned by policyholders but not insured by them." More recently, in Nationwide Mut. Ins. Co. v. Viti, 850 A.2d 104 (R.I. 2004), the Court considered whether an insured was entitled to underinsured motorist coverage for injuries she sustained as a passenger on her husband's motorcycle. As in this case, the motorcycle was not insured under the policy in issue, and the insured collected insurance benefits from the policy actually covering the motorcycle. However, the insured sought additional benefits under her own automobile insurance policy which did not cover the motorcycle. Her effort was unsuccessful. The Court again confirmed that "owned but not insured" exclusionary clauses were valid and enforceable under Rhode Island law. Id. at 107-108 (citing Dellagrotta, 639 A.2d at 980-981 and Baker, 383 A.2d at 1008).

In their Objection, the Rohrigs do not dispute or distinguish this "black letter law" upholding "owned but not insured" exclusions under Rhode Island law. (Document No. 35). Instead, they argue that such exclusions are "void for public policy" because they conflict with the named insured's "reasonable expectation of coverage." Id. at p. 2. From a legal standpoint, the Rohrigs rely on Mallane v. Holyoke Mut. Ins. Co., 658 A.2d 18 (R.I. 1995). And, from a factual standpoint, they rely upon Mr. Rohrig's deposition testimony that "I feel as though being insured for underinsured motorist covers me as a person being insured on a policy." (Document No. 28-3 at p.

21). Neither the law nor the facts support the Rohrigs' efforts to circumvent this unambiguous and applicable policy exclusion.

First, the Mallane case did not involve an "owned but not insured" exclusion or any policy exclusion. Mallane involved a dispute as to whether an individual was a covered insured under an automobile insurance policy. In particular, the plaintiff was listed as a "driver" on the declaration page of the policy but was not a "named insured." Mallane, 658 F.2d at 19. After finding an ambiguity as to the plaintiff's status under the policy, the Court held the ambiguity against the insurer and found coverage, in part, because the declaration page created a "reasonable expectation[] of coverage." Id. at 21.

In this case, there is no ambiguity in the Travelers' policy, and nothing to give the Rohrigs any reasonable expectation of coverage under these circumstances. The Rohrigs have not provided any case law which allows a subjective belief as to coverage to trump the clear and unambiguous terms of an insurance contract. See Gregelevich v. Progressive Northwestern Ins. Co., 882 A.2d 594 (R.I. 2005), (finding that any expectation of uninsured motorist coverage for an accident involving a van under a policy covering two motorcycles and not the van was "unreasonable" in view of the policy's "owned but not insured" exclusion). Mr. Rohrig testified as to his "feeling" that the underinsured coverage was personal and followed him and not his vehicles. However, his subjective belief cannot alter clear Rhode Island law. "In Rhode Island, uninsured motorist coverage is vehicle specific and not a form of personal protection." Wagenmaker, 601 F. Supp. 2d at 419 (citing Baker, 383 A.2d at 1007-1009 and Viti, 850 A.2d at 107). The "owned but not insured" exclusion unambiguously precludes underinsured coverage when the insured is injured in a vehicle that he or

she owns but that is insured under a separate policy.  Accordingly, based on the undisputed facts in this case, Travelers is entitled to judgment as a matter of law.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion for Summary Judgment (Document No. 28) be GRANTED as to all claims[2] in Plaintiff's Complaint.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 20, 2011

---

[2] Although Count II (Bad Faith) has been severed and discovery stayed, Travelers has moved under Rule 56 as to "all claims asserted" against it and the Rohrigs have not argued that the Motion should be limited to Count I (Breach of Contract).  Based on this undisputed record, there is no factual or legal basis for the Rohrigs' claim in Count II that Travelers had no "reasonably legitimate or arguable reason for its refusal to pay the[ir] claims."  Thus, I recommend that the Court enter summary judgment as to both Counts I and II and enter final judgment in favor of Defendant.